IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES NEAL,** | § | |
| | § | |
| *Plaintiff*, | § | **CIVIL ACTION NO: 3:21-cv-00208** |
| | § | |
| v. | § | **JURY DEMANDED** |
| | § | |
| **MALAKOFF INDEPENDENT SCHOOL DISTRICT** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **NOW COMES**, JAMES NEAL, (hereinafter referred to as "Mr. Neal" or "Plaintiff") in the above-referenced matter, complaining of and about MALAKOFF INDEPENDENT SCHOOL DISTRICT, (hereinafter referred to as "MALAKOFF ISD" or "Defendant"), and for cause of action files this Original Complaint, showing to the Court as follows:

### I.  PARTIES

1. Plaintiff, James Neal, is an individual residing in Henderson County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2. Defendant, Malakoff Independent School District, may be served by serving its School Board President, Rick Vieregge at 1308 FM 3062, Malakoff, TX 75148. Defendant is an independent school district in Texas.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C.) §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII");

4. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims which arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5. Moreover, the venue is proper in the Northern District of Texas – Dallas Division pursuant to 28 U.S.C. § 1391(b) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III. NATURE OF ACTION

6. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 and Ch. 21 of the Texas Labor Code and, to correct and recover for Defendant's unlawful employment practices on the basis of the Plaintiff's race including the discrimination and retaliation based on Plaintiff's protected activities involving his race and complaints of racial discrimination and retaliation.

## IV. EXHAUSTION OF ADMINISTRATION REMEDIES

7. On May 7, 2020, Plaintiff filed a Charge of Discrimination (Charge No. 451-2019-00712) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as

"EEOC") against Defendant for race discrimination. This charge was filed for discrimination (*See* <u>Exhibit 1,</u> which is attached to hereto and incorporated by reference).

8. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, dated December 28, 2020. (*See* <u>Exhibit 2,</u> which is attached hereto and incorporated by reference). Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices. Therefore, this lawsuit is timely filed.

## V.  FACTS

9. Plaintiff is a fifty-four (54) year old African American male. For over thirteen (13) years, Plaintiff worked for Defendant as a Physical Education Teacher and Girls Coordinator as well as a Special Education Coordinator. Specifically, Plaintiff began his employment at Malakoff ISD in 2004.

10. Around 2004, Superintendent Larry Hulsey (hereinafter referred to as "Mr. Hulsey") suggested Plaintiff obtain a special education certification. As a result of this interaction, Plaintiff did obtain his certification.

11. During the 2005 – 2006 school year, Mr. Hulsey requested Plaintiff help in an administrative capacity with a problem that was occurring with the former girl's coordinator Matt Wittram (hereinafter referred to as "Mr. Wittram") pertaining to Title IX allegations.

12. During the 2011 – 2012 school year, Mr. Neal was interested in moving to the position of Girl's Coordinator, however, Mr. Wittram, who had an alleged sex offense was rehired for the position of Girl's Coordinator overlooking Plaintiff as a prime candidate.

13. Plaintiff under his administrative capacity went to one of his staff members and informed them that they were being terminated in a RIF (reduction in force). Plaintiff was later

informed he was not an administrator which is a position that had been kept out of Mr. Neal's reach.

14. During the 2016 – 2017 school year, Plaintiff was overlooked for an Assistant Principal position. The position was given to Scott Bentley (Caucasian) instead. Plaintiff had already overlooked for two (2) Administrative positions by this time. The Superintendent stated that he could not believe no one else had hired Plaintiff for the position due to Plaintiff being young, a minority and possessing the requisite knowledge for said position.

15. During the 2016 – 2017 school year, the position of Special Education Director opened. Plaintiff sought the position but was instead offered the position of a Transition Specialist. A pay raise was demanded by Plaintiff and the Superintendent stated that Plaintiff was rich and did not need to make more money.

16. During the 2017 – 2018 school year, Superintendent Mr. Randy Perry (hereinafter referred to as "Mr. Perry") came to know that Plaintiff was seeking administrative position(s) within Malakoff ISD and other districts. As a result, Mr. Perry continued to avoid placing or considering Mr. Neal for administrative positions within Malakoff ISD due to his race.

17. Plaintiff made it known to Mr. Perry that he was interested in the administrative position at Malakoff ISD for the Assistant Special Education Director and other administrative position(s).

18. Mr. Perry made it known to Plaintiff that he had no problem hiring Plaintiff as the next Principal of Malakoff High School. Despite the comment, Plaintiff continued to be overlooked for administrative positions because of his race as demonstrated when Mr. Perry made the comment of the district having enough colored people in its administration.

## VI.
## RACE DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 / CH. 21 OF THE TEXAS LABOR CODE

19. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

20. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (African American) in violation of 42 U.S.C. § 2000(e) *et seq.*, and § 21.051 of the Texas Labor Code.

21. Defendant discriminated against the Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African American), in violation of 42 U.S.C. § 2000(e) *et seq.*, and § 21.051 of the Texas Labor Code.

## XV.
## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XVI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JAMES NEAL, respectfully prays that Defendant, MALAKOFF INDEPENDENT SCHOOL DISTRICT be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or

any amendments thereto, including but not limited to back pay, future wages, and compensation for benefits not received;

b. Compensatory damages, including but not limited to, emotional distress;

c. Past, present, future physical pain and mental suffering;

d. Punitive damages;

e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgement interest from the judgement until paid at the highest rate permitted by law;

h. Costs of Court; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,

_____

    Alfonso Kennard, Jr.
    Texas Bar No. 24036888
    Southern District I.D. 713316
   Andrew Young
    Texas Bar No. 24110567
    Southern District I.D. 3370322
    5120 Woodway Dr., Suite 10010
    Houston, Texas 77056
    Main: (713) 742-0900
    Fax: (713) 742-0951
    alfonso.kennard@kennardlaw.com
    andrew.young@kennardlaw.com
    **ATTORNEYS FOR PLAINTIFF**
    **JAMES NEAL**